IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST CO., | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:17-CV-17-K (BT) |
| HARCHARAN SINGH NARANG, M.D., P.A., et al., | § § § § | |
| Defendants. | § | |

# ORDER

Before the Court is Plaintiff Branch Banking and Trust Company's Motion to Compel Post-Judgment Discovery Responses and for Sanctions [ECF No. 35]. For the reasons stated, the Motion is GRANTED.

## Background

On June 27, 2017, the Court entered a default judgment for Plaintiff against Defendants Harcharan Singh Narang M.D., Harcharan Singh Narang M.D., P.A., North Cypress Clinic Associates, P.A., and Ranjit Kaur (the "Judgment Debtors"). *See* Default J. [ECF No. 23]. The Court ordered the Judgment Debtors to pay Plaintiff damages in the amount of $913,994.63, pre-judgment interest totaling $10,736.28, and post-judgment interest at the applicable federal rate from June 27, 2017 until paid in full. *See* Default J. 5.

1

Plaintiff contends that the Judgment Debtors have not paid the judgment and have failed to cooperate in Plaintiff's post-judgment collection efforts. More specifically, Plaintiff contends that, after months of delay, Dr. Narang and his wife, Ms. Kaur, asserted improper objections and produced only a handful of outdated documents, while North Cypress Clinic Associates, P.A., and Harcharan Singh Narang M.D., P.A. have not responded to Plaintiff's document requests at all. *See* Mot. 1. According to Plaintiff, the Judgment Debtors have the ability to satisfy the judgment because, as recently as March of 2016, Dr. Narang and Ms. Kaur purported to have a net worth of over $15 million and control or manage at least eleven businesses. *See* Mot. 1.

By its Motion to Compel, Plaintiff requests the Court:

1. Order the Judgment Debtors to produce documents dated from January 1, 2014 to the present, as Plaintiff requested, because that date range is relevant to potential fraudulent transfer claims;

2. Strike Dr. Narang and Ms. Kaur's objections to Request for Production Nos. 12, 28, 31, 32, 33 and 39 and order production of the documents withheld on the basis of those objections;

3. Order Dr. Narang and Ms. Kaur to amend their discovery responses and produce documents responsive to Request for Production Nos. 1, 2, 3, 4, 5, 6, 8, 13, 14, 15, 20-26, 28, 29 and 35, from entities from which they have the legal or practical ability to obtain documents;

4. Order Dr. Narang and Ms. Kaur to fully respond to Request for Production Nos. 2, 4, 5, 6, 13, 15-16, and 20-25, to which they have either partially or not responded;

5. Order Dr. Narang and Ms. Kaur to amend their responses to properly assert privilege objections and produce a privilege log;

6. Order North Cypress Clinic Associates, P.A., and Harcharan Singh Narang M.D., P.A. to respond to the Document Requests; and

7. Award Plaintiff its attorneys' fees and costs incurred in preparing this motion, in the amount of $5,691.60.

*See* Mot. 1-2.

## Legal Standards and Analysis

Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *See* Fed. R. Civ. P. 69(a)(2). Therefore, Rule 69 allows post-judgment discovery to proceed pursuant to the federal pre-trial discovery rules or state practices. *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993). The judgment creditor may choose which method to use for discovery. *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 171-72 (5th Cir. 1995). Here, Plaintiff proceeds under the federal rules. *See* Mot.

5.

Under Rule 69(a)(2), discovery in post-judgment execution proceedings is very permissive. *See Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014). The scope of post-judgment discovery is very broad and allows a judgment creditor to discover assets that could be executed upon. *See LeGrand*, 43 F.3d 163 at 172. Pretrial discovery rules apply to Rule 69(a)(2) post-judgment discovery. *See Mitchell v. Sizemore*, 536 F. App'x 443, 444 (5th Cir. 2013) (citing *Energy Gathering, Inc.*, 2 F.3d at 1405). Rules 26(b)(1) and 26(b)(2) apply to post-judgment discovery conducted under federal law and allow the Court to limit discovery. *See Mitchell*, 536 F. App'x at 444.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Hence, under Rule 26(b)(1), discoverable matters must be both relevant and also proportional to the needs of the case. *See Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). In order to be

relevant under Rule 26(b)(1), information need not, by itself, prove or disprove a claim or defense or have strong probative value. *See id.* at 280. Furthermore, Rule 26(b)(1) defines discoverable information not as facts but, more broadly, as any nonprivileged matter that is not strictly fact-based. *See id.* (citing Fed. R. Civ. P. 26(b)(1)).

A party who opposes a discovery request must, in response to a Rule 37(a) motion to compel, urge its supported objection to the request, and, if it does not, it waives the objection. *See Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016). A party resisting discovery must specifically show how each discovery request is not relevant or objectionable. *See McLeod, Alexander, Powel, & Apffell, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must also show how the requested discovery is overly broad, burdensome, or oppressive by submitting affidavits or offering other evidence showing the nature of the burden alleged. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

In view of the relevant standards and the Judgment Debtors complete failure to respond to Plaintiff's Motion, the Court finds that Plaintiff's Motion to Compel Post-Judgment Discovery should be granted. Plaintiff's post-judgment discovery requests seek relevant information that is proportional to the needs of the case. In particular, the issues at stake in this case are important and the

amount in controversy—nearly $1 million—is significant. The Judgment Debtors' relative access to the information sought is much greater than Plaintiff's. The Judgment Debtors also have the resources to provide the requested documents, many of which should be within their custody or control. The requested discovery is important to Plaintiff's ability to identify and recover the Judgment Debtors' assets to satisfy the judgment in Plaintiff's favor. And, any burden on the Judgment Debtors in producing their own financial and business records does not outweigh the benefit of such discovery to Plaintiff's ability to collect on its judgment.

The Judgment Debtors must fully respond to all of Plaintiff's discovery requests **no later than September 4, 2018**, unless the parties agree to a different date.

## Attorneys' Fees

The Court is authorized to enter a nondispositive order granting attorneys' fees as a sanction under Rule 37(a)(5)(A). *See* 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981). A party seeking attorneys' fees can only recover fees for the time spent in preparing the actual discovery motion. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court utilizes the "lodestar" method in calculating the attorneys' fee award. *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citations

6

omitted). The lodestar is calculated by multiplying the reasonable number of hours spent on the case by an attorney by an appropriate hourly rate. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

A party seeking attorneys' fees bears the burden of establishing that the number of hours expended were reasonable with adequately recorded time records as evidentiary support. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court uses this time as the benchmark, but should exclude any time that is excessive, duplicative, unnecessary, or not adequately documented. *See id.* There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

After calculation of the lodestar amount, the Court can either (1) accept the lodestar or (2) decrease or enhance the lodestar based on the circumstances of the case, taking into consideration the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the desirability of the

7

case; (11) the duration and nature of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. Furthermore, the lodestar amount may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation. *See Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

Plaintiff seeks $5,691.60 in attorneys' fees for 20.4 hours of attorney Daniel S. Klein's time at a rate of $279 per hour. *See* Pl.'s App. 5-13 [ECF No. 36]. The court has reviewed the detailed billing entries provided and finds that the time submitted is reasonable for the various tasks described and that the hourly rate is reasonable for a commercial litigation attorney in this region with experience commensurate with that of Mr. Klein. *See Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees). Upon consideration of the *Johnson* factors, the Court does not find that any adjustment to the lodestar is necessary. *See id.*, 2014 WL 1632181, at *2 n.6 ("[C]ourts 'need not specifically discuss the Johnson factors where [they have] applied the Johnson framework.'") (citing *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009))). Therefore, the Court awards Plaintiff $5,691.60 in

8

attorneys' fees for 20.4 hours of attorney Daniel S. Klein's time at an hourly rate of $279. Because it is unclear from Plaintiff's filings as to what specifically was mailed to Ms. Kaur for which Plaintiff seeks $7 in costs, the Court declines to award the $7 in costs. *See* Pl.'s Mot. 15; Pl.'s App. 5-13 [ECF No. 36]. The Judgment Debtors are ORDERED to tender payment of $5,691.60 to Plaintiff's counsel no later than **September 4, 2018**, unless the parties agree to a different date.

**SO ORDERED**.

August 20, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE