IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGEFIELD HOLDINGS, LLC, and BRANCH BANKING AND TRUST COMPANY, | § § § § | |
| Plaintiffs, | § § | Case No. 3:17-cv-00017-K |
| v. | § § § | |
| WILLOWBROOK IMAGING LLC, HARCHARAN SINGH NARANG M.D. P.A., NORTH CYPRESS CLINIC ASSOCIATES, P.A., HARCHARAN SINGH NARANG, M.D., and RANJIT KAUR, | § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Judgment Creditor Edgefield Holdings, LLC's (Edgefield) Application for Turnover Order of Closely Held Limited Liability Company Interest (ECF No. 46), requesting the Court (i) direct Judgment Debtor Harcharan Singh Narang, M.D. to turnover his interest in Grip Enterprises, LLC (Grip LLC) to Edgefield, and (ii) enter an Order directing the sale of Dr. Narang's interest in Grip LLC, with the proceeds of that sale turned over to Edgefield to satisfy the outstanding judgment against Dr. Narang. For the following reasons, the District Court should DENY the Application without prejudice.

1

## Background

Plaintiff Branch Banking and Trust Company (BB&T) filed this lawsuit on January 3, 2017, to recover outstanding debts due on business loans BB&T made to Willowbrook Imaging, LLC (Willowbrook), and Harcharan Singh Narang M.D. P.A., which loans were guaranteed by Dr. Narang and others. Compl. (ECF No. 1). On June 27, 2017, the District Court entered a default judgment in favor of BB&T and against Dr. Narang and the other guarantors for $913,994.63, plus pre-judgment interest of $10,736.28 and additional interest post-judgment, for breach of promissory notes and loan guarantees.[1] Default J. 5 (ECF No. 23). After four years of failing to recover any of the judgment debts, BB&T assigned the Judgment to Edgefield on May 5, 2021. Pl.'s Appl. Turnover Order Ex. A 4-5 (ECF No. 46-1). As of the date of Edgefield's Application, Edgefield asserts, no amount of the Judgment has been paid. Pl.'s Appl. Turnover Order 2.

After researching Dr. Narang's assets, Edgefield uncovered information that Dr. Narang was the sole owner and member of Grip LLC, a Texas limited liability company. Pl.'s Appl. Turnover Order Ex. B 4, 8, 31, 42 (ECF No. 46-2). Edgefield now requests judicial assistance through its Application and asks this Court to order Dr. Narang to turnover his interest in Grip LLC to satisfy the outstanding judgment. Pl.'s Appl. Turnover Order 3. Further, Edgefield asks this Court to

---

[1] On January 16, 2017, BB&T dismissed its claims against Willowbrook.

appoint a receiver to conduct a judicial sale and turnover any proceeds to Edgefield to satisfy the outstanding judgment.

## Legal Standard and Analysis

Texas law permits judgment creditors to seek judicial aid "through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property . . . that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities."[2] Tex. Civ. Prac. & Rem. Code § 31.002(a). This procedural device gives judgment creditors assistance in satisfying judgment debts and "authorizes a court to aid a judgment creditor . . . by 'ordering the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control.'" *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam).

However, a turnover order in this case appears to violate section 101.112 of the Texas Business Organizations Code, which provides that "[t]he entry of a charging order is the *exclusive remedy* by which a judgment creditor of a member [of a LLC] . . . may satisfy a judgment out of the judgment debtor's membership

---

[2] Previous versions of the Texas turnover statute included a showing that the property "cannot readily be attached or levied on by ordinary legal process," see *Shanze Enters., Inc. v. Amigo MGA, LLC*, 2014 WL 5493252, at *1 (N.D. Tex. Oct. 30, 2014), but this statute was amended in 2017 to remove this requirement. See An Act Relating to the Collection of Certain Judgments Through Court Proceeding, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Sess. Law Serv. 966 (2017) (amending Tex. Civ. Prac. & Rem. Code § 31.002(a) (2005)).

interest." Tex. Bus. Orgs. Code § 101.112(d) (emphasis added); *see Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 565 (Tex. App.—Houston [1st Dist.] Mar. 30, 2017, no pet.) (finding that a receivership order extending to a membership interest in an LLC was erroneous). Some Texas courts have found exceptions to the exclusivity of charging orders and granted turnover orders for LLC interests. *See Heckert v. Heckert*, 2017 WL 5184840, at *7-9 (Tex. App.—Fort Worth Nov. 9, 2017, no pet.); *Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 757-58 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Jiao v. Xu*, 28 F.4th 591, 600 (5th Cir. 2022) (noting Texas intermediate courts have found exceptions to the exclusivity of charging orders). However, Edgefield has not demonstrated that the facts in this case fall under an exception to section 101.112(d). Without such a showing, the Court cannot be certain that a turnover order is appropriate under the circumstances. Therefore, the Court should deny Edgefield's Application without prejudice to seeking a charging order or refiling its Application with additional argument and evidence demonstrating the applicability of an exception to the charging statute.

## Recommendation

For the reasons stated, the District Court should DENY Edgefield's Application for Turnover Order (ECF No. 46) without prejudice.

**SO RECOMMENDED.**

**SIGNED ON** August 29, 2022

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).