IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC, and BRANCH BANKING AND TRUST COMPANY,<br><br>§ Plaintiffs,<br><br>v.<br><br>WILLOWBROOK IMAGING LLC, HARCHARAN SINGH NARANG M.D. P.A., NORTH CYPRESS CLINIC ASSOCIATES, P.A., HARCHARAN SINGH NARANG, M.D., and RANJIT KAUR,<br><br>Defendants. | Case No. 3:17-cv-00017-K |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Judgment Creditor Edgefield Holdings, LLC's (Edgefield) Application for Limited Liability Company Membership Interest Charging Order (ECF No. 56) that requests the Court enter an order charging Dr. Harcharan Singh Narang's membership interest in Grip Enterprises, LLC (Grip LLC) to satisfy the judgment. For the following reasons, the District Court should GRANT the Application.

**Background[1]**

---

[1] The facts of this case are well known by the parties and have been addressed in previous orders. *See, e.g.,* FCR (ECF No. 55).

1

Plaintiff Branch Banking and Trust Company (BB&T) filed this lawsuit on January 3, 2017, to recover outstanding debts due on business loans BB&T made to Willowbrook Imaging, LLC (Willowbrook), and Harcharan Singh Narang M.D. P.A., which loans were guaranteed by Dr. Narang and others. Compl. (ECF No. 1). On June 27, 2017, the District Court entered a default judgment in favor of BB&T and against Dr. Narang and the other guarantors for $913,994.63, plus pre-judgment interest of $10,736.28 and additional post-judgment interest, for breach of promissory notes and loan guarantees.[2] Default J. 5 (ECF No. 23). After four years of failing to recover any of the judgment debts, BB&T assigned the Judgment to Edgefield on May 5, 2021. Pl.'s Appl. Charging Order Ex. A 4-5 (ECF No. 56-1). As of the date of Edgefield's Application, Edgefield asserts, no amount of the Judgment has been paid. Pl.'s Appl. Charging Order 1.

After researching Dr. Narang's assets, Edgefield uncovered information that Dr. Narang was the sole owner and member of Grip LLC, a Texas limited liability company. Pl.'s Appl. Charging Order Ex. B 8, 32, 37, 42 (ECF No. 56-2). Edgefield now asks this Court to grant a charging order with respect to Dr. Narang's interest in Grip LLC to satisfy the outstanding judgment. Pl.'s Appl. Charging Order 2-3.

## Legal Standard and Analysis

Texas law permits judgment creditors to seek a charging order of a member's LLC interest under section 101.112 of the Texas Business Organizations Code. A

---

[2] On January 16, 2017, BB&T dismissed its claims against Willowbrook.

charging order "constitutes a lien on the judgment debtor's membership interest." Tex. Bus. Orgs. Code § 101.112(c); *see Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 565 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "On application by a judgment creditor of a member of a limited liability company . . ., a court having jurisdiction may charge the membership interest of the judgment debtor to satisfy the judgment." Tex. Bus. Orgs. Code § 101.112(a). This permits judgment creditors to satisfy their judgment to "receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest." Tex. Bus. Orgs Code § 101.112(b). Thus, to grant a charging order, an application must be brought (i) by a judgment creditor, (ii) of a member of a limited liability company, (iii) in a court with jurisdiction.

Here, the Court should find that all the requirements for a charging order under the Texas statute are met. Edgefield is the judgment creditor of Dr. Narang as shown in assignment documents. Pl.'s Appl. Charging Order Ex. A 4 (ECF No. 56-1). Dr. Narang has a membership interest in Grip LLC, a Texas limited liability company. Pl.'s Appl. Charging Order Ex. B 8, 32, 37, 42 (ECF No. 56-2). And this Court has jurisdiction over Edgefield's Application. Pl.'s Resp. 1-3 (ECF No. 58). Therefore, the Court should grant Edgefield's Application.

## Recommendation

For the reasons stated, the District Court should GRANT Edgefield's Application for Charging Order (ECF No. 56).

**SO RECOMMENDED.**

**SIGNED ON** September 15, 2022

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).